State of Rhode Island
vs.       Indictment No. 16632.
William H. Considine

April 19, 1934.

O'CONNELL, J. The indictment in this case charges the defendant with obtaining money under false pretenses in the sum of Twenty Thousand Dollars ($20,000), from the American Guaranty Company, a corporation doing business in the City of Providence.

The State claimed that the defendant, engaged in the jewelry business in Providence, desiring to establish a line of credit with the American Guaranty Company, approached one Domenic J. Perri, Treasurer and Gen-

eral Manager of said Company, and asked him to discount some of his notes; that Perri said he would take it up with the Company and later advised the defendant that the committee had agreed to extend credit up to $15,000 but that the loans would be made only if the instalment notes presented were accompanied by conditional sale or lease agreements signed by the makers of the notes.

The defendant admitted that there were no sales of jewelry involved, although the leases contained a list of jewelry purporting to have been sold conditionally, or leased to the note makers. He claimed, however, that this fact was known to Perri, and that in some instances, at least, he told Perri that he had filled in the leases with a list of jewelry to cover the amount of the notes.

This claim was denied by Perri and the jury by its verdict found that it was not so. The jury was instructed in substance that it should bring in a verdict of not guilty if it was agreed or understood by Perri that there were no actual sales or leases of jewelry and if the notes were simply accommodation notes and if that fact was known to the American Guaranty Company or its treasurer, Perri.

Perri testified that he had no knowledge that there were no actual sales or leases of jewelry and that no such information was given to him or his company by the defendant.

The jury evidently believed the story of the witness Perri as against the claim of the defendant. If Perri's claim was true, the defendant was clearly guilty as charged in the indictment. The Court believes the jury was fully warranted in finding the defendant guilty on the testimony presented by the State and the defendant's motion for a new trial is therefore hereby denied and dismissed.

For state: Attorney General.

For defendant: Hogan & Hogan.